# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**PAUL LEONARD and JULIE LEONARD**                                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 1:05CV475 LTS-JMR**

**NATIONWIDE MUTUAL INSURANCE CO.**                          **DEFENDANT**


## ORDER
## GRANTING IN PART AND DENYING IN PART
## MOTIONS RELATED TO DISCOVERY
## and EXTENDING MOTIONS DEADLINE

The Court has before it Plaintiffs' motion for a protective order [25]; Defendant's motion to compel responses to discovery [28]; Plaintiffs' motion to compel discovery [60]; and Defendant's motion to strike two expert witnesses who were listed after the deadline for expert designations had passed [73]; and the parties' joint motion *ore tenus* to extend the current deadline for filing dispositive motions.

I convened a telephone conference on May 16, 2006, to hear the arguments of counsel concerning these motions, and having now reflected upon these arguments and having considered the memoranda of law and the other documents submitted by the parties, I am prepared to rule upon these motions.

With respect to the Defendant's motion to strike the two expert witnesses who were designated after the deadline for Plaintiffs' identification of experts had passed, I was originally inclined to grant the motion. Having heard the argument of counsel that these witnesses were identified in response to the testimony of the expert witness designated by the Defendant (Tim Marshal), I have decided to deny the motion to strike and instead to put certain restrictions on the testimony of these two late-designated experts.

I will permit these experts to testify only in rebuttal, and I will strictly limit

-1-

their testimony to the rebuttal of the testimony given by Defendant's expert.  I will require that Plaintiffs make these late-designated experts available for deposition within thirty days of the date of this order, and I will require that Plaintiffs bear the expert witness fees incurred in these depositions.

<u>With respect to the discovery sought by Plaintiffs:</u>

 I will deny Plaintiffs' motion to compel discovery related to the matters of reinsurance.  In my view, the question whether Defendant had reinsurance for the risk it assumed under its policy with Plaintiffs is not relevant to any issue in this case.

I will deny Plaintiffs' motion to compel discovery related to campaign contributions to Mississippi Insurance Commissioner George Dale.  In my view, these campaign contributions, if any, are not relevant to any issue in this case.

I will grant Plaintiffs' motion with respect to any communications between Defendant Nationwide and the Mississippi Department of Insurance or any representative of that agency related to the adjustment of claims for damage sustained by policyholders in Hurricane Katrina.

Counsel for Defendant has represented to me that Defendant Nationwide has furnished to Plaintiffs all the claims manuals, directives, and other written instructions given to the adjustors employed by Nationwide to be followed by these adjustors in connection with the assessment of property damage claims related to Hurricane Katrina.  Counsel for Defendant has also represented to me that Defendant Nationwide has furnished to Plaintiffs all e-mails and other direct communications between Nationwide's representatives concerning Plaintiffs' specific claim.  I understand that claims-specific e-mails related to other properties and other claims have not been furnished to Plaintiffs, and I will not require that these other claims-specific communications be furnished.  Plaintiffs' motion to compel discovery will therefore be denied, as to these other claims-specific e-mails and other communications.

Plaintiffs are, I find, entitled to discover any instructions, rules, policies, procedures, guidelines, and directives, in any form, which applied to the adjustment of their claim under their Nationwide policy, and any document that fits this description and that has not been furnished to Plaintiffs at this time shall

be produced to Plaintiffs forthwith.  Likewise, I find that Plaintiffs are entitled to discover any communications among Nationwide's representatives that concern the adjustment of Plaintiffs' claim before the date this lawsuit was filed.  I specifically except from this any communications between Nationwide and its counsel and any communication otherwise privileged.  If Nationwide claims this privilege with respect to any document specific to Plaintiffs' particular individual claim generated before this lawsuit was filed, it shall identify those documents in a privilege log.

I will deny Plaintiffs' motion to compel to the extent it seeks claims-specific information on other claims related to Hurricane Katrina.  I find that this request is so broad that Nationwide cannot in fairness be required to produce this massive amount of data, and I find that this information has very limited relevance to the issues in this case.

I will deny Plaintiffs' motion to compel the production of the underwriting file and other documents related to the "Hurricane Coverage and Deductible Provision Endorsement." (Hurricane Deductible Endorsement)  I understand that this endorsement was not in effect at the time of Hurricane Katrina and that it is not a part of the policy at issue in this case.  I therefore find that the underwriting considerations for this provision are not relevant to any issue in this case.  I except from this ruling the documents Nationwide filed with the Mississippi Insurance Commission concerning this provision.

<u>With respect to the discovery sought by Defendant</u>:

Interrogatories

With respect to prior insurance claims, the motion to compel will be granted, but this information will be limited to the dates January 1, 2003, through August 29, 2005. (Interrogatory 1)

With respect to communications between Plaintiffs and representatives of Nationwide and its agents, the motion to compel will be granted as to any written communications and with respect to any oral communications that are not disclosed in Plaintiffs' deposition testimony. (Interrogatories 2, 3, and 4)

With respect to documents or other information Plaintiffs received from

Nationwide or its agents, the motion to compel will be granted as to any written communications and with respect to any oral communications that are not disclosed in Plaintiffs' deposition testimony. (Interrogatory 5)

With respect to documents and other information received by Plaintiffs from any governmental agency or other entity regarding hurricane preparedness, including information related to flooding, water damage, insurance coverage, and flood insurance policies, the motion to compel will be granted as to any written information and with respect to any oral communications that are not disclosed in Plaintiffs' deposition testimony. (Interrogatory 6)

With respect to the identification of any individuals with whom Plaintiffs discussed, prior to August 29, 2005, the issue of insurance coverage for property damage that might occur during a hurricane or tropical storm, the motion to compel will be granted. (Interrogatory 7)

With respect to Nationwide advertisements and promotional materials, as defined, the motion to compel will be granted. (Interrogatory 8)

With respect to insurance coverage Plaintiffs have obtained after Hurricane Katrina, the motion to compel will be denied.  Plaintiffs' post-Katrina insurance coverage can have no relevance to the issues in this case. (Interrogatory 9)

With respect to the prior lien holders on Plaintiffs' property and their actions regarding flood insurance coverage, the motion to compel will be granted. (Interrogatory 10)

With respect to Nationwide's request for the information required by F.R.Civ. P. 26(b)(1), the motion to compel will be granted. (Interrogatory 11 and 12)

With respect to Nationwide's request for information concerning statements made by other individuals, the motion to compel will be denied.  In my view, any individual with discoverable knowledge who is known to Plaintiffs must be identified under F.R.Civ.P. 26(b)(1), and as to these individuals Plaintiffs and Defendants have equal access for the purposes of discovering the knowledge they may have.  Accordingly, neither Plaintiffs nor Defendant's representatives should be required to disclose the individuals who may have given statements to them

during the course of their investigation without the showing contemplated by F.R.Civ.P. 26(b)(3) . (Interrogatory 13)

<u>With Respect to Defendant's Requests for Production</u>

With respect to Nationwide's request for the documents Plaintiffs identified or relied upon in preparing responses to the Nationwide interrogatories, the motion to compel will be granted, to the same extent the motion to compel responses to the interrogatories has been granted. (Requests for Production 1 and 2)

With respect to Nationwide's request for "all documents that relate to the declaratory judgment claims asserted in this action," and "all documents related to your Nationwide policy," the motion to compel will be granted with respect to any document Plaintiffs will offer into evidence at trial. (Request for Production 3 and 4)

With respect to Nationwide's request for documents related to Plaintiffs' application for homeowners coverage with other insurers, the motion to compel will be granted as to any such document generated within the five years preceding Hurricane Katrina. (Request for Production 5)

With respect to Nationwide's request for "all documents related to flood insurance," the motion to compel will be granted, and the plaintiffs will be ordered to produce any flood insurance policy or policies in effect on the property involved in this lawsuit during the five years preceding Hurricane Katrina.  In the event Plaintiffs have any such policies to produce, I will consider additional requests for production related to those policies. (Request for Production 6)

With respect to Nationwide's request for "all documents related to hurricane damage," the motion to compel will be granted, and the plaintiffs will be ordered to produce any documents in their possession that substantiate the damages they claim under the Nationwide policy. (Request for Production 7)

With respect to communications between Plaintiffs and representatives of Nationwide and its agents, the motion to compel will be granted. (Request for Production 8 and 9)

With respect to photographs of the insured property before and after the

damage from Hurricane Katrina, the motion to compel will be granted.  The cost of reproducing these photographs shall be born by Nationwide. (Request for Production 10 and 11)

With respect to the documents reflecting Plaintiffs' damages, the motion to compel will be granted. (Request for Production 12, 13, and 14).

Accordingly, it is

**ORDERED**

That Defendant's motion to strike the late-designated expert witnesses identified by Plaintiffs [73] is hereby **DENIED**;

Plaintiffs' motion to compel discovery [60] will be **GRANTED IN PART** and **DENIED IN PART:**

With respect to matters of reinsurance, Plaintiffs' motion will be **DENIED**;

With respect to the matter of campaign contributions to Mississippi Insurance Commissioner George Dale, Plaintiffs' motion will be **DENIED**;

With respect to communications between Defendant Nationwide and any representative of the Mississippi Department of Insurance, Plaintiffs' motion will be **GRANTED**; any document covered by this request as to which Defendant Nationwide asserts a privilege shall be identified in a privilege log;

With respect to documents related to Nationwide's claims adjustment practices and the adjustment of Plaintiffs' individual claim, Plaintiffs' motion will be **GRANTED** with the limitations set out above;

Plaintiffs' motion to compel will be **DENIED** with respect to other claims-specific information generated by Nationwide and other insured property owners following Hurricane Katrina;

Plaintiffs' motion to compel will be **DENIED** with respect to the production of the underwriting file and related documents concerning the development

of the Hurricane Deductible Endorsement;

Defendant's motion to compel responses to discovery [28] and Plaintiffs' motion for a protective order [25] will be **GRANTED IN PART** and **DENIED IN PART**:

Defendant's Interrogatories

With respect to prior insurance claims, the motion to compel will be **GRANTED**, but this information will be limited to the dates January 1, 2003, through August 29, 2005.

With respect to communications between Plaintiffs and representatives of Nationwide and its agents, the motion to compel will be **GRANTED** as to any written communications and with respect to any oral communications that are not disclosed in Plaintiffs' deposition testimony. (Interrogatories 2, 3, and 4)

With respect to documents or other information Plaintiffs received from Nationwide or its agents, the motion to compel will be **GRANTED** as to any written communications and with respect to any oral communications that are not disclosed in Plaintiffs' deposition testimony. (Interrogatory 5)

With respect to documents and other information received by Plaintiffs from any governmental agency or other entity regarding hurricane preparedness, including information related to flooding, water damage, insurance coverage, and flood insurance policies, the motion to compel will be **GRANTED** as to any written information and with respect to any oral communications that are not disclosed in Plaintiffs' deposition testimony. (Interrogatory 6)

With respect to the identification of any individuals with whom Plaintiffs discussed, prior to August 29, 2005, the issue of insurance coverage for property damage that might occur during a hurricane or tropical storm, the motion to compel will be **GRANTED**. (Interrogatory 7)

With respect to Nationwide advertisements and promotional materials, as defined, the motion to compel will be **GRANTED**. (Interrogatory 8)

With respect to insurance coverage Plaintiffs have obtained after Hurricane Katrina, the motion to compel will be **DENIED**.  Plaintiffs' post-Katrina insurance coverage can have no relevance to the issues in this case. (Interrogatory 9)

With respect to the prior lien holders on Plaintiffs' property and their actions regarding flood insurance coverage, the motion to compel will be **GRANTED**. (Interrogatory 10)

With respect to Nationwide's request for the information required by F.R.Civ. P. 26(b)(1), the motion to compel will be **GRANTED**. (Interrogatory 11 and 12)

With respect to Nationwide's request for information concerning statements made by other individuals, the motion to compel will be **DENIED**. (Interrogatory 13)

Defendant's Requests for Production

With respect to Nationwide's request for the documents Plaintiffs identified or relied upon in preparing responses to the Nationwide interrogatories, the motion to compel will be **GRANTED**. (Requests for Production 1 and 2)

With respect to Nationwide's request for "all documents that relate to the declaratory judgment claims asserted in this action," and "all documents related to your Nationwide policy," the motion to compel will be **GRANTED** with respect to any document Plaintiffs will offer into evidence at trial. (Request for Production 3 and 4)

With respect to Nationwide's request for documents related to Plaintiffs' application for homeowners coverage with other insurers, the motion to compel will be **GRANTED** as to any such document generated with the five years preceding Hurricane Katrina. (Request for Production 5)

With respect to Nationwide's request for "all documents related to flood insurance," the motion to compel will be **GRANTED**, and the plaintiffs will be ordered to produce any flood insurance policy or policies in effect on the property involved in this lawsuit during the five years preceding Hurricane

Katrina.  In the event Plaintiffs have any such policies to produce, I will consider additional requests for production related to those policies. (Request for Production 6)

With respect to Nationwide's request for "all documents related to hurricane damage," the motion to compel will be **GRANTED**, and the plaintiffs will be ordered to produce any documents in their possession that substantiate the damages they claim under the Nationwide policy. (Request for Production 7)

With respect to communications between Plaintiffs and representatives of Nationwide and its agents, the motion to compel will be **GRANTED**. (Request for Production 8 and 9)

With respect to photographs of the insured property before and after the damage from Hurricane Katrina, the motion to compel will be **GRANTED**. The cost of reproducing these photographs shall be born by Natiowide. (Request for Production 10 and 11)

With respect to the documents reflecting Plaintiffs' damages, the motion to compel will be **GRANTED**. (Request for Production 12, 13, and 14).

**IT IS FURTHER ORDERED** that the deadline for filing dispositive motions is hereby reset for June 1, 2006.

Recognizing the limitations of using a telephone conference to address these discovery disputes, and realizing that the argument during the conference may have been incomplete, I will make all of these rulings provisional for a period of ten days from the date of this order.  I will allow this period of ten days for either party to invite the Court's attention to any part of this ruling which the party believes will unduly or unfairly hamper or impede its trial preparation.

**SO ORDERED** this 17th day of May, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge