**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PAUL LEONARD AND JULIE LEONARD**                                             **PLAINTIFFS**

**V.**                                             **CIVIL ACTION NO. 1:05CV475 LTS-RHW**

**NATIONWIDE INSURANCE COMPANY, ET AL.**                    **DEFENDANTS**

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

      The Court has before it the plaintiffs' motion to reconsider a portion of the order I entered on May 17, 2006.  Plaintiffs contend that my refusal to grant discovery concerning underwriting for Nationwide's "Hurricane Coverage and Deductible Provision Endorsement" was erroneous.  My ruling on this issue was based upon my understanding that this endorsement is not part of the policy at issue in this case.  After reading the memoranda in support of and in opposition to the plaintiffs' motion, it still appears to me that this endorsement, which was issued after Hurricane Katrina, is not a part of the plaintiffs' policy and has no bearing on any issue in this case.

      Plaintiffs contend that the underwriting practices for this endorsement are relevant, despite the fact that the endorsement was sent to them after Hurricane Katrina.  Plaintiffs contend, if I understand them correctly, that this endorsement somehow alters the coverage under their Nationwide policy.  I do not agree with this assessment.  The Nationwide policy now before the court provides coverage for damage caused by windstorms.  A hurricane is a type of windstorm, and damages attributable to hurricane winds are covered by this policy.  The scope of that coverage was not altered by the 1999 "Increased Wind/Hail Deductible" endorsement nor by the 2005 "Hurricane Coverage and Deductible Provision Endorsement."

      The Nationwide policy at issue in this case contains an exclusion for damages caused by water or by water-borne materials:

    1.    We do not cover loss to any property resulting directly or indirectly from any of the following.   Such a loss is excluded even if another peril or event contributed to concurrently or in any sequence to cause the loss.

                                  *  *  *

        b)    Water or damage caused by water-borne material.  Loss resulting from water or water-borne material damage described below is not covered even if some other perils contributed, directly or indirectly

>to cause the loss.  Water and water-borne material damage means:
>
>(1)    flood, surface water, waves, tidal waves, overflow of a body of water, spray from these whether or not driven by wind.

The Nationwide policy at issue in this case contains a provision providing coverage for damage caused by windstorms (under Coverages A, B, and C).  The 1999 "Increased Wind/Hail Deductible" endorsement specifically indicates that it is based upon the risk of wind damage associated with hurricanes in Mississippi.

My reading of the entire Nationwide policy leaves me with the firm conviction that the policy obligates Nationwide to pay for damage caused by hurricane winds.  I find that the exclusion for losses resulting from "weather conditions" (Exclusion 2 (c) at page D2) is ambiguous when it is considered along with the specific provisions granting coverage for windstorm damage and with the provisions of the 1999 "Increased Wind/Hail Deductible" endorsement.  In the context of a windstorm such as Hurricane Katrina, I find that the provisions of this Nationwide policy obligate Nationwide to compensate its insureds for damage caused by hurricane winds, but not for damage caused by water or water-borne materials (other than damage caused by rain, driven through roof or wall openings made by direct action of wind).

My reading of the "Hurricane Coverage and Deductible Provision Endorsement" and my reading of the "Increased Wind/Hail Deductible" endorsement issued by Nationwide in 1999 indicate that neither provision expands the basic coverage of the Nationwide policy.  The Leonards opted to pay an additional premium and retain a flat $500 deductible.  Thus, neither of these endorsements affected the scope of their insurance coverage in any way.  While it is true that the Leonards paid a higher premium to retain the flat $500 deductible, they did not thereby alter the scope of coverage of their insurance policy.  I will therefore deny the plaintiffs' motion for reconsideration.

Accordingly, it is

**ORDERED**

That the plaintiffs' motion for reconsideration is hereby DENIED.

**SO ORDERED** this 13th day of June, 2006.

*s/ L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge