UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAUL LEONARD AND JULIE LEONARD**                                         **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO. 1:05CV475 LTS-RHW**

**NATIONWIDE MUTUAL INSURANCE COMPANY**                                         **DEFENDANT**

### ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE CONCERNING THE ADJUSTMENT OF OTHER CLAIMS

The Court has before it Nationwide's motion in limine to exclude from the trial of this action evidence related to the adjustment of claims by insured property owners other than the plaintiffs. Nationwide contends that the adjustment of these other claims is not relevant to any issue in this case and alternatively that the probative value of this evidence, if any, would be outweighed by the expense and time expenditure necessary to distill any relevant information from this evidence.

While I agree in principle with Nationwide's contention, I believe the probative value of this category of evidence may vary, depending on the specifics of the other claims, particularly the proximity of the property involved in the other claims to the Leonards' property, the identity of the insurer, and the identity of the individuals involved in the adjustment process. I do not believe that the adjustment of any claim outside the immediate vicinity of the Leonards' property would be relevant to the issues in this case. Likewise, I do not believe the adjustments made by insurers other than Nationwide or by individuals who were not involved in the adjustment of the Leonards' claim would be relevant. However, the actions taken by the Nationwide adjusters and supervisors who participated in handling the Leonards' claims in connection with other properties Nationwide insured in the immediate vicinity of the Leonards' residence may be relevant to the evaluation and adjustment of the Leonards' claim.

Accordingly, I will **GRANT IN PART** and **DENY IN PART** Nationwide's motion in limine to exclude evidence of the handling of other claims [117].

      I will **GRANT** the motion to exclude any evidence concerning the adjustment of claims (other than the claim of the plaintiffs) that do not match the following criteria: the other claim must have been adjusted by Nationwide; the other claim must be within reasonably close physical proximity to the Leonards' property; and the adjustment process for the other claim must have involved individuals who participated in the adjustment process for the plaintiffs' claim either as an adjustor or as a supervisor.  As to evidence concerning adjustments that meet these criteria, the motion is hereby **DENIED**.

      **SO ORDERED** this 27th day of June, 2006.

                                        s/ *L. T. Senter, Jr.*

                                        L. T. Senter, Jr.
                                        Senior Judge