UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAUL LEONARD and JULIE LEONARD**                       **PLAINTIFFS**

**V.**                       **CIVIL ACTION NO.1:05CV475 LTS-RHW**

**NATIONWIDE MUTUAL INSURANCE COMPANY**                **DEFENDANT**

## ORDER AND JUDGMENT

In accordance with the Memorandum Opinion I have this day signed, it is

**ORDERED** and **ADJUDGED**

That Plaintiffs Paul and Julie Leonard **SHALL HAVE OF AND RECOVER FROM** Nationwide Mutual Insurance Company the sum of $1,228.16;

That Plaintiffs Paul and Julie Leonard's motion for partial summary judgment [22] is hereby **DENIED**;

That Nationwide Mutual Insurance Company's motion for partial summary judgment [100] is hereby **DENIED**;

That Plaintiffs Paul and Julie Leonard's motion for a protective order [25] is hereby **DENIED AS MOOT**;

That Nationwide Mutual Insurance Company's motion to compel discovery [28] is hereby **DENIED AS MOOT**;

That Plaintiffs Paul and Julie Leonard's motion to compel discovery [60] is hereby **DENIED AS MOOT**;

That Nationwide Mutual Insurance Company's motion to quash document subpoenas to Jay Fletcher and Cindy Byrd [158] is hereby **DENIED AS MOOT**;

That the order entered on June 27, 2006, granting in part and denying in part Nationwide Mutual Insurance Company's motion in limine to exclude evidence concerning Nationwide's adjustment of other claims is hereby **MODIFIED** to allow the admission of all evidence presented at trial concerning the adjustment of claims;

I reserved ruling during trial on the following matters, and I now make the following rulings:

With respect to documents not furnished to the defendant until June 6, 2006, I will **OVERRULE** the motion to strike and **ADMIT** these documents into evidence;

With respect to the question whether testimony concerning Jay Fletcher's conversations with other Nationwide clients on the subject of flood coverage are admissible under Rule 406 of the Federal Rules of Evidence, I find that these conversations are **ADMISSIBLE** in that they reflect the routine practice of Mr. Fletcher when he was asked about the purchase of flood insurance;

With respect to the opinions of the experts who testified for each side, I reserved certain rulings concerning these witnesses' qualifications. I now find that all of the individuals tendered as experts were **QUALIFIED** to express the opinions they rendered, and none of the expert testimony will be stricken.

That this action is hereby finally dismissed, each party to bear its own costs.

**SO ORDERED** this 15th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge