UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**PAUL LEONARD AND JULIE LEONARD**                                              **PLAINTIFFS**


**V.**                                              **CIVIL ACTION NO. 1:05CV475 LTS-RHW**


**NATIONWIDE MUTUAL INSURANCE COMPANY**                                              **DEFENDANT**


## MEMORANDUM OPINION
## ON THE POST-TRIAL MOTIONS OF PLAINTIFFS PAUL AND JULIE LEONARD
## AND ON THE POST-TRIAL MOTION OF NATIONWIDE MUTUAL INSURANCE
## COMPANY TO STAY EXECUTION OF THE JUDGMENT IN THIS ACTION

The Court has before it Plaintiffs Paul and Julie Leonard's alternative post-trial motions 1) for judgment as a matter of law, 2) to amend findings of fact and conclusions of law, or 3) for a new trial.  The Court also has before it the motion of Nationwide Mutual Insurance Company (Nationwide) To Stay Execution on the Judgment Entered in this Action.

Plaintiffs contend that this Court's finding of ambiguity in the concurrent cause provisions of the policy compel a finding that the entire Nationwide policy is ambiguous.  From this proposition, the plaintiffs argue that they are entitled to judgment as a matter of law.  These are propositions I do not accept and that I find are not supported by applicable Mississippi jurisprudence.

As I appreciate the plaintiffs' argument, they contend that because the water damage exclusion did not include the term "storm surge," it is ambiguous in the context of the water damage in this particular case, where the water damage to their residential property is attributable to inundation by water from the Mississippi Sound driven ashore by the hurricane.  Plaintiffs take this position despite the fact that the water damage exclusion specifically applies to damages from flooding and from tidal waters.  I simply do not find this exclusion to be ambiguous.  Substantially identical policy exclusions were considered and applied during litigation following Hurricane Camille, and none of the courts who considered this language found it to be ambiguous or otherwise unenforceable.

*Mississippi Farm Bureau Mut. Ins. Co. v. Walters*, 908 So.2d 765 (Miss.2005) does not support the plaintiffs' contention that the water damage exclusion, on its face, is ambiguous. And I cannot accept the plaintiffs' argument that the fact that a court interprets a policy indicates that the policy is ambiguous. Ambiguity arises, if at all, because a fair and objective reading of the provisions of the policy could lead to contrary or differing conclusions concerning the meaning of the provisions. Here, I find no ambiguity because the insurer's intention to exclude water damage from flooding and the effects of tidal water is clear on the face of the water damage exclusion. In my opinion, using the term "storm surge" to describe the inundation of the Leonard property by tidal waters does not render the terms of this exclusion ambiguous.

I have reconsidered each of my findings of fact and each of my conclusions of law in light of the plaintiffs' contentions, and I do not believe that any of my findings or conclusions should be altered or amended.

Likewise, I do not think that any of the materials submitted by the plaintiffs entitle them to a new trial.

Nationwide seeks a stay on the execution of the judgment in this case pending the outcome of any appeal. Nationwide has proposed that it be allowed to pay the amount of the judgment into the registry of the Court pending the outcome of any appeal in this matter. In light of the amount of the judgment, Nationwide's proposal is reasonable, and its motion to stay will be granted upon its payment of the amount of the judgment into the registry of the Court.

An appropriate order will be entered overruling the plaintiffs' post-trial motions.

**SIGNED** this 24th day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge